IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| BILLY HOLLIDAY, | § § § | |
| Petitioner, | § § | |
| v. | § § | 2:14-CV-209 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## REPORT AND RECOMMENDATION TO
## DENY PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus filed by petitioner BILLY HOLLIDAY, a state prisoner. By his habeas application, petitioner does not challenge his underlying conviction or sentence but, instead, challenges the manner in which his sentence is being calculated. Specifically, petitioner complains of TDCJ-CID's failure to credit his sentence with pre-sentence time he spent in substance abuse facilities. For the following reasons, petitioner's habeas application should be denied.

### I.
### PROCEDURAL HISTORY

While on deferred adjudication probation, petitioner attended and successfully completed a residential program at a substance abuse facility, and attended but did not successfully complete a relapse program at a substance abuse felony punishment facility ("SAFPF"). When he failed to

complete the second program, petitioner's probation was revoked and petitioner was sentenced to 5 years imprisonment in TDCJ-CID.

Petitioner filed a state habeas petition seeking pre-sentence time credit for the time he spent in the two programs. On July 9, 2014, the Texas Court of Criminal Appeals dismissed petitioner's state habeas application pursuant to *Ex parte Florence*, 319 S.W.3d 695 (Tex.Crim.App. 2010), which held a petition for writ of mandamus is the correct procedure to raise a claim for pre-sentence time credits. On September 18, 2014, petitioner deposited the instant federal habeas application in the prison mail services, such application being received and file-marked by this Court on September 30, 2014.

II.
MERITS

Respondent filed an *Answer* on December 10, 2014 wherein she fully and accurately briefed the issues of exhaustion of state court remedies, procedural default, the statute of limitations applicable in this case, and the noncognizability of petitioner's claims. Respondent is correct in her conclusion that petitioner's habeas application is unexhausted as a result of his failure to first seek nunc pro tunc relief in the state trial court and, upon denial of relief, to seek mandamus relief in the state appellate court or, if necessary, with the Texas Court of Criminal Appeals. Petitioner failed to follow the proper procedures for exhausting his claim of denial of pre-sentence time credits. Respondent is also correct that petitioner is now procedurally barred from exhausting his claims at the state court level and, as a result, his claims are procedurally defaulted on federal habeas review.

Respondent is also correct that petitioner's federal habeas application is time barred by

the 1-year statute of limitation applicable to his case. On May 13, 2013, petitioner could have discovered, through the exercise of due diligence, his claims that he did not receive credit for his pre-sentence time spent in the substance abuse facilities on the date petitioner's probation was revoked, and he was adjudicated guilty and sentenced to a 5-year term of imprisonment. Petitioner had until May 13, 2014 to file a federal habeas petition but failed to do so.[1] Petitioner's instant federal habeas petition is time barred.

The undersigned further finds petitioner's claims are not cognizable in this proceeding. This Court conducts federal habeas review of claims concerning the violation of rights existing under federal law or the United States Constitution, not claims asserting violations of state law or of rights created by rules of state procedure. Petitioner has not alleged a violation of a federal law or a constitutional right and federal habeas corpus relief cannot be afforded.

The undersigned further finds petitioner has failed to properly prosecute this case. Inquiry to TDCJ-CID reveals petitioner was released to parole on October 5, 2015 but has failed to advise the Court of any change of address. Petitioner's application for a federal writ of habeas corpus should be DENIED.

## III.
## RECOMMENDATION

For the above reasons, and for the reasons set forth in respondent's December 10, 2014 *Answer*, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner BILLY HOLLIDAY be DENIED.

---

[1] Petitioner's state habeas application did not toll the limitations period because it was not properly filed. Even if the state application did toll limitations, petitioner's federal habeas application would still be time barred.

# IV.
# INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _7th_ day of August 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).